EASTERN DIST.
*June*, 1837.

MECHANICS' AND
TRADERS' BANK
*vs*
BANKS.

---

MECHANICS' AND TRADERS' BANK *vs.* BANKS.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

A bank is bound for the amount entered as a deposit on the bank book, to the credit of the depositor, by any of the clerks, where there is no evidence of fraud or collusion between the clerk and the depositor.

This suit is instituted to recover from the defendant the balance of a bank account amounting to one thousand three hundred and eighty-five dollars.

The defendant denied that he owed the bank or had over-drawn his account. He further averred that the bank was indebted to him on account of moneys deposited, between the dates referred to in the account of the bank, for a balance of one thousand six hundred and fourteen dollars and ninety-three cents, for which he prays judgment in reconvention, and for costs.

EASTERN DIST.
*June*, 1837.

MECHANICS' AND
TRADERS' BANK
*vs.*
BANKS.

On this issue the case was submitted to a jury. The day book or blotter of the bank, and the bank book of the defendant were produced in evidence. After examining the respective entries and accounts with explanations of counsel, the jury rejected the plaintiffs' demand, and allowed the sum claimed in reconvention. From judgment rendered thereon the plaintiffs appealed.

*Sterret*, for the plaintiffs.

*Conrad*, contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs sued the defendant on a balance of account; he claimed a larger sum in reconvention, had judgment for the excess, and they appealed.

The whole controversy turns on the verity of a deposit of three thousand dollars, which the defendant claims. He produces his bank book, in which the deposit is entered in the hand writing of one of the clerks of the plaintiffs, who is not the one particularly charged with receiving deposits, but it is in evidence that deposits are received, and entries thereof made, by any of the clerks, when the one particularly employed for the purpose is not at his desk.

A bank is bound for the amount entered as a deposit on the bank book, to the credit of the depositor, by any of the clerks, when there is no evidence of fraud or collusion between the clerk and the depositor.

The plaintiffs show that the entry of the deposit made in the scratcher, the book in which deposits are first entered, was made on the day on which the deposit is stated to have been received, or afterwards, but after the items of the money received on that day had been cast up, and that the amount of the deposit is not included in that of the money received on that day.

It seems to us that the court did not err. It does not appear, neither is it alleged, that there was any connivance or collusion between the defendant and any clerk of the bank. There is evidence of the deposit in the entry on his bank book, and the plaintiffs must be bound by it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.